

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00138-CV

———————————————

OLD WEST CAPITAL CO., Appellant

V.

NEDRA JACKSON, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2022-005868-1

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

Appellant, Old West Capital Co., filed a notice of appeal from the trial court's order dissolving a writ of garnishment in trial-court cause number 2022-005868-1, which writ had been based on a prior judgment against appellee Nedra Jackson in trial-court cause number 2006-048194-1. On November 15, 2024, this court notified Old West that it had come to the court's attention that in yet another related trial-court cause number, 2022-007502-1, the trial court (1) granted a bill of review in cause number 2006-048194-1 and (2) ordered garnished funds held in the trial court's registry to be released immediately to Jackson. We stated that it appeared that ruling mooted this appeal from the trial court's order dissolving a writ of garnishment based on the now-vacated judgment in trial-court cause number 2006-048194-1. And we warned that unless Old West or any party desiring to continue the appeal filed with the court, on or before Monday, November 25, 2024, a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We have not received a response to our jurisdictional inquiry letter. Because the dissolved garnishment order appealed in this case was predicated on the now-vacated judgment in trial-court cause number 2006-048194-1, we dismiss this appeal as moot. *See* Tex. R. App. P. 42.3(a); *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (noting that case becomes moot when "(1) a justiciable controversy no longer exists between the

parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3) (providing that writ of garnishment is available to plaintiff with "valid, subsisting judgment").

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: December 19, 2024